**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**WILMA ADAMS**                                                                                  **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:11-CV-212-KS-MTP**

**PEARL RIVER VALLEY OPPORTUNITY, INC.**                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion to Dismiss [3]. Accordingly, this matter is dismissed with prejudice.

### I. BACKGROUND

Plaintiff was an employee of Defendant, but Defendant fired Plaintiff on or about February 25, 2003. Plaintiff filed a Complaint in this Court on January 14, 2004, alleging that Defendant violated her Fourteenth Amendment right to receive notice and a hearing prior to termination. On September 1, 2004, the Court entered a Memorandum Opinion and Order dismissing Plaintiff's Complaint with prejudice. *Adams v. Pearl River Valley Opportunity*, No. 2:09-CV-9-WHB, slip op. at 9 (S.D. Miss. Sept. 1, 2004). The Court held that Plaintiff had not alleged any state action, and, therefore, she had not alleged a due process violation. *Id.* On the same day, the Court entered its Final Judgment dismissing Plaintiff's case with prejudice.

On October 19, 2011, Plaintiff filed another Complaint against Defendant, initiating this matter. Plaintiff once again alleged that she was wrongfully terminated on February 25, 2003. However, this time she alleged that Defendant's actions violated the First and Fourteenth Amendments to the United States Constitution, and Title VII of the Civil Rights Act of 1964.

Defendant filed its Motion to Dismiss [3] on November 10, 2011. Plaintiff failed to respond to the motion, and it is ripe for review.

## II. STANDARD OF REVIEW

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted).

When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct."

*Hershey*, 610 F.3d at 246 (punctuation omitted).

### III. DISCUSSION

First, Defendant argues that Plaintiff's claims are barred by the doctrine of res judicata. The Fifth Circuit Court of Appeals has held:

> Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Res Judicata insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. Res judicata prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction. Four elements must be met for a claim to be barred by res judicata: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.

*Oreck Direct LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (punctuation and citations omitted). Dismissal of a case "with prejudice" is typically an adjudication on the merits for purposes of applying res judicata. *Id.*

The parties here are identical to the parties of Plaintiff's 2004 case. This Court had jurisdiction when it entered a Final Judgment on the merits in Plaintiff's 2004 case. However, in the 2004 case, Plaintiff only asserted a Fourteenth Amendment claim. Accordingly, Plaintiff's Fourteenth Amendment claim is barred by res judicata, but the First Amendment and Title VII claims are not.

Defendant also argues that Plaintiff's Title VII claim is barred by her failure to comply with Title VII's administrative procedures. Indeed, Title VII requires that a plaintiff file a charge of discrimination within 180 days of the alleged unlawful employment action. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009). "Filing a timely charge is a prerequisite to having an

actionable claim." *Id.* There is no evidence in the record or allegation in the Complaint that Plaintiff filed a charge of discrimination with the EEOC or received a right-to-sue letter. Accordingly, she does not have an actionable Title VII claim.

Finally, Plaintiff also asserted a First Amendment claim. However, she failed to allege which of her First Amendment rights she believes Defendant violated or how Defendant violated them. Additionally, she failed to cite any federal statute providing a cause of action for the violation of Constitutional rights. The Court assumes, however, that she intended to assert a cause of action under 42 U.S.C. § 1983.

Section 1983 provides a civil action for the deprivation of federal rights under color of state law. *See* 42 U.S.C. § 1983; *D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 456 (5th Cir. 2010). This Court already held – in its 2004 ruling – that Defendant was not a state actor, and that Plaintiff had failed to allege any state action. Therefore, notwithstanding Plaintiff's failure to affirmatively plead a Section 1983 cause of action, she has failed to state a claim for relief under it, in any case. Furthermore, the statute of limitations on a Section 1983 claim in Mississippi "is three years from the day the cause of action accrues." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007). Plaintiff was fired on February 25, 2003, and she filed this action on October 19, 2011 – over eight years later. The prior suit lasted from January 14, 2004, to September 1, 2004 – approximately eight months. Therefore, any Section 1983 claim stemming from Defendant's termination of her employment is barred by the applicable statute of limitations, even if the statute of limitations was tolled during the prior suit.

### IV. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss [3].

Accordingly, Defendant's supplemental Motion to Dismiss [7] is moot. This case is dismissed with prejudice. A final order consistent with this opinion shall be entered separately.

SO ORDERED AND ADJUDGED this 13th day of December, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE